EUGENIO MONTES VIERA, demandante y apelante, *v.* MANUEL V. DOMENECH y GUILLERMO ESTEVES, como Tesorero y Comisionado del Interior de Puerto Rico, respectivamente, demandados y apelados.

No. 5891.—*Sometido:* Abril 21, 1933. *Resuelto:* Noviembre 9, 1933.

Diego O. Marrero, abogado del apelante; *Hon. Procurador General Charles E. Winter* y *F. Janer, Subprocurador*, abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Montes solicitó que se expidiese un auto de *mandamus* para obligar al Tesorero de Puerto Rico a permitir al peticionario desempeñar los deberes de su cargo como "oficinista encargado de la contabilidad e inspección de toda la gasolina importada, fabricada o producida en Puerto Rico," y para compeler al Comisionado del Interior a transmitir al Auditor de Puerto Rico las nóminas del sueldo del peticionario desde agosto 22, 1930. La corte de distrito, después de celebrado un juicio sobre los méritos, declaró sin lugar la petición.

El quinto señalamiento de error es al efecto de que la corte de distrito erró al no resolver que el peticionario fué desposeído e impedido de seguir ejerciendo las funciones de su empleo. Lo que la corte de distrito en realidad declaró fué que:

"En julio 8, 1930, el peticionario Eugenio Montes Viera, como *clerk* encargado de la contabilidad e inspección de la gasolina, dirigió al Tesorero de Puerto Rico, por conducto de Julián W. Blanco, Jefe del Negociado de Arbitrios, una comunicación manifestando que 'como el fondo especial de la gasolina ha sido transferido a los fondos generales', le parecía que en lo sucesivo no se podría continuar pagando de dichos fondos a menos que el Departamento del Interior dejara la cantidad de $2,000 del sobrante que quedara el 30 de junio de 1930 para pagar su sueldo; toda vez que el mismo fondo volvería al Departamento del Interior en el próximo año; y que si la dificultad no podía ser resuelta en esa forma, entonces pedía que se le nombrase para otra plaza que quedaba vacante en el Departamento.
"   *        *        *        *        *        *        *

"El 1ro. de noviembre de 1930 el Tesorero de Puerto Rico nombró al peticionario para el cargo de *clerk* de la oficina de Rentas Internas en Ponce, P. R., con un sueldo anual de $1,000; que el peticionario aceptó el cargo, trasladándose de San Juan a Ponce y ejerció el mismo durante 4 días; que entonces solicitó una licencia de 30 días por enfermedad, que le fué concedida, y vencida ésta, solicitó otra también por enfermedad, que le fué denegada y se le destituyó (*discharged*) el 10 de noviembre de 1930."

Estos hechos no han sido disputados. En la silla testifical

el peticionario trató de explicarlos e insistió en que su abandono del cargo fué involuntario. En eso fué contradicho por lo menos por un testigo de la parte demandada cuyo testimonio está corroborado por los hechos no en disputa, mientras que con el del peticionario no ocurre así. La evidencia en conjunto no da base suficiente para la conclusión de que el Tesorero de Puerto Rico, o forzó al peticionario a abandonar su labor o le impidió desempeñar sus deberes como inspector y escribiente a cargo de la contabilidad de la gasolina. Por el contrario, demuestra a nuestro juicio que el peticionario voluntariamente abandonó sus deberes como tal oficinista e inspector, solicitó que se le nombrara para otro puesto y finalmente aceptó un nombramiento distinto al otro cargo. Cuando el peticionario aceptó un nombramiento como escribiente en la oficina de Rentas Internas de Ponce, dejó de ser un inspector y oficinista a cargo de la contabilidad de la gasolina en San Juan. De todos modos, por su voluntario retiro de su cargo y deberes como inspector y oficinista a cargo de la contabilidad de la gasolina, estaba impedido (*estopped*) de exigir que se le permitiese reasumir el cumplimiento de tales deberes y que se le remitieran al Auditor las nóminas correspondientes al período que duró ese retiro.

En vista de la conclusión que antecede no es necesario discutir otras cuestiones suscitadas en el alegato del apelante.

*Debe confirmarse la sentencia apelada.*